IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Cleveland Williams, IV, | ) | |
| | ) | Civil Action No. 4:12-1857-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting | ) | |
| Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

   This matter is before the court for a review of the magistrate judge's Report and Recommendation ("Report") filed on July 31, 2013, recommending that, pursuant to sentence four of 42 U.S.C. § 405(g), the court reverse and remand the Commissioner's decision denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") for further proceedings consistent with the Report.   (ECF No. 31).

   The Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.   The magistrate judge makes only a recommendation to this court.   The recommendation has no presumptive weight and the responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). Accordingly, the court may accept, reject, or modify, in whole or in part, the Report, or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

   In addition, the court is charged with making a *de novo* determination of those portions of the Report to which the parties specifically object.   However, in this case, the plaintiff did not

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013.   Pursuant to Federal Rule of Civil Procedure 25(d), Colvin should be substituted for Michael J. Astrue as the defendant in this action.

1

object to the Report, and the Commissioner notified the court that she does not intend to file objections (ECF No. 33).

In the absence of objections to the Report, this court is not required to provide an explanation for adopting the magistrate judge's recommendation.   *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).   Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"   *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon the magistrate judge's recommendation.   28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough and careful review of the record, the court adopts the Report and incorporates it herein by reference.   Accordingly, the Commissioner's final decision is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the Report.

**IT IS SO ORDERED.**

s/ Timothy M. Cain
United States District Judge

Anderson, South Carolina
August 21, 2013